UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EILEEN POLIZZI, FUND MANAGER<br>of the TEAMSTERS LOCAL 404<br>HEALTH SERVICES AND INSURANCE PLAN,<br>Plaintiff,<br><br>v.<br><br>N & B EXPRESS, INC. and JAMES CAPELLI<br>Defendants,<br><br>and<br><br>BANK OF WESTERN MASSACHUSETTS,<br>Trustee. | )<br>)<br>)<br>)<br>)<br>)<br>)  CIVIL ACTION NO.<br>)<br>)  05 - 30183 - MAP<br>)<br>)<br>)<br>)<br>) |

**Affidavit of Eileen Polizzi In Support Of Application For A
Temporary Restraining Order Or Approval Of Attachment On Trustee Process**

1.    My name is Eileen Polizzi.  I am the Fund Manager of the Teamsters Local 404 Health Services and Insurance Plan ("the Fund") which has a usual place of business at 115 Progress Avenue, Springfield, Massachusetts.

2.    The Fund is an employee welfare benefit plan which administers a plan of medical, hospital, surgical and related benefits for employees covered by collective bargaining agreements between Teamsters Local Union No. 404 and various employers, and the dependents of those covered employees.

3.    My duties include, without limitation, monitoring the records of the Fund, overseeing contributions received from contributing employers who have contracts with Teamsters Local Union No. 404 and administering health benefit claims from participants and beneficiaries of the Fund.

4.    I have personal knowledge of the facts contained in this affidavit.

5.    N & B Express, Inc. ("the Company" or "N & B Express") is a contributing employer in the Fund, having executed a collective bargaining agreement with Teamsters Local Union No. 404 requiring periodic contributions to the Fund for its covered employees. Contributing employers make contributions to the Fund on a monthly basis for hours for which their covered employees have received (or were due) pay during that month. The monthly contributions are due on the tenth of the month following the month pay was due or received by the employee(s) and is accompanied by a report ("remittance report") reflecting the name and social security number of each covered employee and the total number of hours for which that employee received pay for the month.

6.    In December 2003, the Fund filed a complaint against N & B Express for failure to make contributions to the Fund pursuant to the collective bargaining agreement.

7.    In January 2004, N & B Express, Inc. and the Fund negotiated and signed an Agreement for Satisfaction of Judgment concerning a prior delinquency by N & B Express. A true copy of the Agreement for Satisfaction of Judgment is attached hereto as Exhibit A.

8.    Pursuant to the Agreement for Satisfaction of Judgment, N & B Express was required to make payments of to the Plan according to a repayment schedule concerning the prior delinquency.

9.    Pursuant to Paragraph 1B of the Agreement for Satisfaction of Judgment, James Capelli, personally guaranteed that all payments would be made in a timely manner and for the full amount owed.

10.    Pursuant to Paragraph 1B of the Agreement for Satisfaction of Judgment, James Capelli agreed that the Plan could take any lawful measures against him personally to ensure that the amounts due pursuant to the Agreement for Satisfaction of Judgment were paid in full.

2

11.    Based on payment schedule set forth in the parties Agreement for Satisfaction of Judgment dated January 28, 2004, I estimate the defendants' still owe the Fund approximately $75,000.00, exclusive of interest

12.    The last month for which N & B Express, Inc. contributed to the Fund was December 2005. Its monthly contributions to the Plan for the period prior to January 2005 were approximately $ 60,000.00 per month.

13.    Based on its monthly contribution level to the Fund prior to January 1, 2005, I estimate the defendant's delinquency for the period January 1, 2005 to June 30, 2005 to be approximately $360,000.00 exclusive of interest, liquidated damages and attorneys fees.  It also owes $15,258.95 for an audit delinquency covering the period January 1, 1999 through December 31, 2003. Delinquent employers are also responsible for interest, liquidated damages and attorneys' fees as authorized by ERISA.

14.    The Fund's eligibility rules provide that an employee will remain eligible for benefits for six months immediately following the last month for which the employer contributed at least 150 hours for that employee.  Based on this rule, the employees (and their dependents) at N & B Express, Inc. lost eligibility on June 30, 2005 because the Fund did not receive the contributions due it for the period January 1, 2005 through June 30, 2005.

15.    There is no insurance available to satisfy any judgment rendered in favor of the Fund.

Signed under the pains and penalties of perjury  this ⁀5th⁀ day of August 2005.


Eileen Polizzi
Fund Manager

# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

EILEEN TETRAULT, FUND MANAGER )
of the TEAMSTERS LOCAL 404 )
HEALTH SERVICES AND INSURANCE PLAN, )
                   Plaintiff, )
                                       )

v.                                   )   CIVIL ACTION NO.
                                  )   03-30307-KPN

N&B EXPRESS, )
                Defendant, )
                                     )

and )
                                     )

BANK OF WESTERN MASSACHUSETTS, )
                   Trustee. )

## AGREEMENT FOR SATISFACTION OF JUDGMENT

The parties hereby agree that the judgment in favor of the Plaintiff for $314,412.25 in the

above-captioned matter is comprised of the following elements pursuant to Section 502(g)(2), 29

U.S.C. §1132(g)(2) of ERISA:

    a.    Principal in the amount of $294,469.90 (representing contributions owed the
           Plaintiff for the months of August 2003 through and including December 2003);
    b.    Interest in the amount of $15,942.35 (calculated through January 2004); and
    c.    Reasonable attorneys' fees and costs in the amount of $4,000.00.

    1.    The Defendant, N&B Express, satisfy the Judgment by forwarding a certified or

cashier's check payable to Eileen Tetrault, Fund Manager of the Teamsters Local 404 Health

Services and Insurance Plan for each of the following amounts in accordance with the schedule set

forth below:

                  $17,467.35 on or before February 1, 2004

                  $17,467.35 on or before March 1, 2004

                  $17,467.35 on or before April 1, 2004

                  $17,467.35 on or before May 1, 2004

                  $17,467.35 on or before June 1, 2004

                  $17,467.35 on or before July 1, 2004

$17,467.35  on or before August 1, 2004

$17,467.35  on or before September 1, 2004

$17,467.35  on or before October 1, 2004

$17,467.35  on or before November 1, 2004

$17,467.35  on or before December 1, 2004

$17,467.35  on or before January 1, 2005

$17,467.35  on or before February 1, 2005

$17,467.35  on or before March 1, 2005

$17,467.35  on or before April 1, 2005

$17,467.35  on or before May 1, 2005

$17,467.35  on or before June 1, 2005

$17,467.35  on or before July 1, 2005

    1A.  Defendant also agrees to pay interest on the principal sum of $294,469.00 at the rate of six percent (6%) per annum payable in quarterly installments on the then outstanding balance of principal due. The first such interest payment shall be due April 1, 2004 and quarterly thereafter until the principal shall have been repaid in full.

    1B.  The President of the Defendant, James Cappelli, hereby personally guarantees that all payments required of the employer herein will be made in a timely manner and will be made for the full amount owed. In the event of a failure by N&B Express to make timely payments in accordance with the foregoing schedule the entire remaining then unpaid balance together with their accrued interest shall be deemed immediately due and payable and Plaintiff shall be free to take any lawful measure against Mr. Cappelli or N&B Express to ensure that the amounts due hereunder are paid in full.

    2.  The Plaintiff agrees not to attempt to levy on or otherwise enforce its execution of the Judgment while the defendant remains in compliance with this Agreement. In consideration of

the promises contained herein, the Plaintiff hereby releases the Attachment On Trustee Process as

against the Defendant's accounts at the Bank of Western Massachusetts.

3.    Nothing in this Agreement For Satisfaction Of Judgment shall be construed as relieving or

otherwise modifying the obligation of N&B Express to make timely remittances to the Teamsters

Local 404 Health Services and Insurance Plan under the collective bargaining agreement between

Teamsters Local 404 and N&B Express for months after December 2003.

For the Plaintiff,
Eileen Tetrault, Fund Manager of the
Teamsters Local 404 Health Service and
Insurance Plan,
By her attorneys,

_____
Matthew E. Dwyer (BBO# 139840)
Brian M. Maser (BBO# 655667)
Dwyer, Duddy and Facklam, P.C.
One Center Plaza, Suite 360
Boston, MA 02108
(617) 723-9777

Dated: __1/28/04__

For the Defendant,
N&B Express,
By its attorney,

_____
Joseph Collins (BBO# 092660)
Hendel & Collins, PC
101 State Street
Springfield, MA 01103
(413) 734-6411

Dated: __1/30/04__

For the Defendant,
N&B Express,
By its representative,

_____
James Cappelli, President
N&B Express
20 Industrial Drive West
South Deerfield, MA 01373

f:\404\hsip\n&b\pldgs\satisfaction.of.judgment.doc:blg