UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

EILEEN POLIZZI, FUND MANAGER )
of the TEAMSTERS LOCAL 404 )
HEALTH SERVICES AND INSURANCE PLAN, )
    Plaintiff, )
)
v. ) CIVIL ACTION NO.
) 05 - 30183 - MAP
N&B EXPRESS, INC. and JAMES CAPELLI, )
    Defendants, )
)
and )
)
BANK OF WESTERN MASSACHUSETTS, )
    Trustee. )

FILING FEE PAID:
RECEIPT # 30601 6
AMOUNT $ 250.00
BY DPTY CLK MGL
DATE 8/5/05

### VERIFIED COMPLAINT AND APPLICATION FOR A TEMPORARY RESTRAINING ORDER

#### Jurisdiction and Venue

1. Plaintiff invokes the jurisdiction of the Court pursuant to Section 502 (a)(3) of the Employee Retirement Income Security Act, 29 U.S.C. §1132(a)(3) (hereinafter, "ERISA"), and federal common law, 29 U.S.C. §1331.

2. Venue is proper in this District Court pursuant to ERISA Section 502(2), 29 U.S.C. §1132(e)(2), because, inter alia, the relevant employee welfare benefit plan is administered in this District, and also, pursuant to 28 U.S.C. §1391(a), because Plaintiff's claims arose in this District.

#### Parties

3. Eileen Polizzi (hereinafter, "Plaintiff") is the Fund Manager of the Teamsters Union 404 Health Services and Insurance Plan (hereinafter, "the Fund"). She is a fiduciary of the Fund within the meaning of ERISA Section 3(21), 29 U.S.C. §1002(21), and she is authorized to bring this action on behalf of the Fund.

4. The Fund is an "employee welfare benefit plan" within the meaning of ERISA Section 3(1), 29 U.S.C. § 1002(1). The Fund exists for the exclusive purpose of providing health, medical and related benefits to its participants and beneficiaries. The Plan has its principal office and is administered from 115 Progress Avenue, Springfield, Massachusetts 01101.

5. Defendant, N&B Express, Inc. (hereinafter, "N & B Express") is a Massachusetts corporation with a usual place of business at 20 Industrial Drive West, South Deerfield, Massachusetts 01373.

6. Defendant, James Capelli (hereinafter, "Capelli"), is an individual residing a 7 January Hills Road, Shutesbury, Massachusetts.

## Facts

7. Throughout all times relevant herein, N&B Express has been obligated to make contributions to the Plan in accordance with the terms of a collective bargaining agreement ("Agreement") in effect between N&B and the Teamsters Local Union No. 404, said contributions to be made on behalf of each employee of N&B performing work within the scope of and/or covered by that collective bargaining agreement executed by N&B and Teamsters Local Union No. 404 (hereinafter, "Local 404"). A true and accurate copy of the collective bargaining agreement is attached hereto as Exhibit A.

8. On January 28, 2004, the Plaintiff and N&B Express entered into an Agreement For Judgment whereby N&B Express agreed to pay to the Plaintiff the sum of $314,412.25 which represented contributions owed to the Plaintiff for the months of August 2003 through and including December 2003, together with interest on the unpaid contributions calculated through January 2004, and reasonable attorneys fees in the amount of $4,000.00. A true and accurate copy of the Agreement For Judgment is attached hereto as Exhibit B.

2

9. The Plaintiff, N & B Express and James Capelli executed an Agreement for Satisfaction of Judgment concerning the schedule by which payment were to be made to the Fund. A true copy of the Agreement for Satisfaction is attached hereto as Exhibit C.

10. James Cappelli (hereinafter, "Cappelli"), President of N&B, personally guaranteed, in paragraph 1B of the Agreement for Satisfaction of Judgment, that all payments owed to the Fund by N&B Express pursuant to the Agreement for Satisfaction of Judgment would be made in a timely manner and for the full amount owed.

11. Pursuant to paragraph 1B of the Agreement for Satisfaction of Judgment, in the event of N&B Express' failure to make timely payments the entire then unpaid balance together with their accrued interest was deemed immediately due and payable and Plaintiff was allowed to seek any lawful measure against Mr. Cappelli or N&B Express to ensure that the amounts were paid in full.

12. Since on or before April 1, 2005, Defendants N & B Express and Mr. Capelli have failed and refused to make payments pursuant to the Agreement for Satisfaction of Judgment.

13. Nothing in the Agreement For Satisfaction Of Judgment relieved N&B Express from its requirement to continue to make timely remittances to the Plaintiff for months after December 2004.

14. Based on an audit of the payroll records of N & B Express for the period of January 1, 1999 through December 31, 2003, the Fund's auditor discovered that N & B Express failed to accurately contribute to the Fund for all payroll hours as required by the parties' collective bargaining agreement, and owes the Fund $15,285.95 for this audit delinquency.

15. Since on or about January 1, 2005, the Defendant has failed to make the required contributions to the Plaintiff pursuant to the current collective bargaining agreement with Local 404.

16. Based on N & B Express' prior contribution levels, it is estimated that N & B Express owes the Fund in excess of $360,000.00, for the period of January 1, 2005 to June 30, 2005.

17. On or about June 8, 2005, Local 404 learned that the James Capelli, majority stockholder and president of N & B Express intended to sell the business and close or discontinue operations no later than June 30, 2005, and beginn liquidating its assets.

18. On June 30, 2005, N & B Express ceased operating and laid off all members of the bargaining unit. It has also begun selling or transferring its assets to persons and/or entities currently unknown to the Plaintiff.

## Likelihood of Success on the Merits

19. In light of the Defendant N & B Express having executed the collective bargaining agreement with Local 404 and the Agreement for Satisfaction of Judgment with the Fund, its having failed to make contributions to the Fund in accordance with the collective bargaining agreement, the Agreement For Judgment, the Agreement For Satisfaction Of Judgment, and ERISA § 502(a) providing a cause of action for the enforcement of contribution obligations for ERISA plans, the Plaintiff asserts that there is a substantial likelihood that it will be successful on the merits of this suit against N & B Express.

20. In light of the Defendant, James Capelli having personally guaranteed to repay all payments pursuant to the Agreement for Satisfaction of Judgment to the Fund, and failing to ensure that payment was made in a timely manner, the Plaintiff asserts that there is a substantial likelihood that it will be successful on the merits of this suit against James Capelli, in his individual capacity.

## Irreparable Harm

21. Plaintiff will suffer irreparable harm in the absence of injunctive relief and has no adequate remedy at law. In the absence of injunctive relief, the Defendants will sell, transfer, or otherwise dispose of its assets. Plaintiff has no insurance or security that will be available to

satisfy a judgment that is likely to issue in its favor. Consequently, unless this Court enters an injunction enjoining the Defendants from disposing of the proceeds of the sale of their assets in an amount sufficient to satisfy a judgment against it, the Plaintiff will be left without any means of satisfying a judgment in its favor. The lack of contributions to the Fund is negatively impacting the eligibility of members of the bargaining unit for health insurance and related benefits, who have been without health coverage since June 30, 2005. Had the Defendants honored their obligations, the employees would have had coverage through at least December 31, 2005.

## Balance of the Equities

22. Greater harm will be borne by the Plaintiff in the absence of an injunction than will be suffered by the Defendants if an injunction is issued. As detailed above, the lack of equitable relief will leave the Fund without any effective remedy. Plaintiff seeks only an injunction restraining Defendants' disposition of so much of the proceeds as are necessary to satisfy the judgment.

## COUNT I

(Enforcement of 29 U.S.C. §1145) (Fund v. N & B Express, Inc.)

23. Plaintiff reavers every allegation contained in paragraphs 1 through 22 therein.

24. Plaintiff is entitled to recover Defendant's unpaid and delinquent contributions plus interest, liquidated damages, and attorney's fees and costs pursuant to 29 U.S.C. §§1132 and 1145.

## COUNT II

(Enforcement of the Plan's Terms) (Fund v. N & B Express, Inc. only)

25. Plaintiff reavers every allegation contained in paragraphs 1 through 25 therein.

26. Defendant, N&B Express, has violated the terms of the Fund by failing to contribute approximately $ 360,000.00 for the period from January 1, 2005 through the present day.

27. Plaintiff is entitled to enforcement of the Fund's terms pursuant to 29 U.S.C. §1132(a)(3).

## COUNT III

**(Enforcement of the Plan's Terms) (Fund v. N & B Express, Inc.)**

28. Plaintiff reavers every allegation contained in paragraphs 1 to 27 herein.

29. Defendant, N & B Express, has violated the terms of the Fund by failing to contribute $15,285.95 for delinquencies discovered by the Fund's audit of N & B Express' payroll records for January 1, 1999 to December 31, 2003.

30. Plaintiff is entitled to enforcement of the Fund's terms pursuant to 29 U.S.C. §1132(a)(3).

## COUNT IV

**(Breach of Repayment Agreement) (Fund v. N & B Express and James Capelli)**

31. Plaintiff reavers every allegation contained in paragraphs 1 through 30 therein.

32. The Defendants, N & B Express and Mr. Capelli, have violated the Agreement for Satisfaction Judgment by failing and refusing to make payments pursuant to the repayment schedule set forth in the Agreement for Satisfaction of Judgment.

33. Plaintiff is entitled to the enforcement of the parties' Agreement for Satisfaction of Judgment.

## CLAIMS FOR RELIEF

**WHEREFORE**, the Plaintiff prays that this Court grant the following, as provided for by Rule 65.(b) and 29 U.S.C. §§1132(a)(3) and §1132(g)(2):

(1) Issue an order returnable on August __, 2005 directing the Defendants to appear and show cause why the preliminary relief sought in prayers 2 and 3 below should not be granted.

(2) After hearing, enter a temporary restraining order enjoining the Defendant N & B Express from transferring, alienating or otherwise disposing of the first $485,000.00 realized from any sale of assets pending a further hearing in this court.

(3) After hearing, enter a temporary restraining order enjoining the Defendant James Capelli from transferring, alienating or otherwise disposing of the first $75,000.00 realized from any sale of assets pending a further hearing in this court.

(4) After a hearing on the merits, enter a judgment in favor of Eileen Polizzi, as Fund Manager of the Teamsters Union 404 Health Services and Insurance Plan, and against N&B Express encompassing;

    (a) The unpaid contributions owed by Defendant to the Plan for the period January 1, 2005 through the present day;

    (b) Interest on the unpaid contributions;

    (c) An amount equal to the greater of:

        (i) Interest on the unpaid contributions, or

        (ii) Liquidated damages in the amount of 20% of the unpaid contributions;

    (d) Attorneys' fees and costs; and

    (e) The unpaid contributions owed the Plan pursuant to the Agreement For Judgment and Agreement For Satisfaction Of Judgment entered into on January 30, 2004.

    (f) The unpaid contributions owed to the Fund discovered by an audit of the payroll records of N & B Express from January 1, 1999 to December 31, 2003.

(3) Such other and equitable relief as the Court finds appropriate.

                      Respectfully Submitted,
                      EILEEN POLIZZI,
                      Fund Manager for the Teamsters Local 404
                      Health Services and Insurance Plan
                      By her attorneys,

_____
Matthew E. Dwyer
BBO # 139840
Kathleen A. Pennini
BBO # 654573
Dwyer, Duddy and Facklam
Attorneys at Law, P.C.
Two Center Plaza, Suite 430
Boston, MA 02108
617-723-9777

## VERIFICATION

We, the undersigned, have read the above complaint and make oath that the allegations contained therein are true of my own personal knowledge.

Date:   August 5, 2005

_____
Ronald   Easton,   Vice   President,
Teamsters Local 404

Dated: August 5, 2005

_____
Eileen Polizzi, Fund Manager,
Teamsters Local 404
Health Services and Insurance Plan

f:\l404hsip\n&b\pldgs\complaint.injunction.2005.doc

Exhibit A

Exhibit B

SCANNED

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Filed
1/30/04
mEh

| | |
|---|---|
| EILEEN TETRAULT, FUND MANAGER of the TEAMSTERS LOCAL 404 HEALTH SERVICES AND INSURANCE PLAN,<br>            Plaintiff,<br><br>v.<br><br>N&B EXPRESS,<br>            Defendant,<br><br>and<br><br>BANK OF WESTERN MASSACHUSETTS,<br>            Trustee. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br>CIVIL ACTION NO.<br>03-30307-KPN |

### AGREEMENT FOR JUDGMENT
### PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 54(b)

The Plaintiff, Eileen Tetrault, Fund Manager of the Teamsters Local 404 Health Services and Insurance Plan, and the Defendant, N&B Express, by and through their respective attorneys, hereby agree that the following entry may be made on the docket for the above-captioned matter:

> "Judgment for the Plaintiff, Eileen Tetrault, Fund Manager of the Teamsters Local 404 Health Services and Insurance Plan, in the sum of $314,412.25.
>
> All rights of appeal are waived. Execution to issue forthwith."

| For the Plaintiff,<br>**Eileen Tetrault, Fund Manager of the**<br>**Teamsters Local 404 Health Service and**<br>**Insurance Plan,**<br>By her attorneys,<br><br>_____<br>Matthew E. Dwyer (BBO# 139840)<br>Brian M. Maser (BBO# 655667)<br>Dwyer, Duddy and Facklam, P.C.<br>One Center Plaza, Suite 360<br>Boston, MA 02108<br>(617) 723-9777<br><br>Dated: 1/28/04 | For the Defendant,<br>**N&B Express,**<br>By its attorney,<br><br><br>_____<br>Joseph Collins (BBO# 092660)<br>Hendel & Collins, PC<br>101 State Street<br>Springfield, MA 01103<br>(413) 734-6411<br><br><br><br>Dated: 1/30/04 |

Approved by the Court:

_____
U.S.D.J.
/M.

February 3, 2004

\\djserver\data\l404hsip\n&b\pldgs\agreement.for.judgment.doc:blg

(10)

Exhibit C

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

EILEEN TETRAULT, FUND MANAGER )
of the TEAMSTERS LOCAL 404 )
HEALTH SERVICES AND INSURANCE PLAN, )
                Plaintiff, )
)
v. )      CIVIL ACTION NO.
)      03-30307-KPN
N&B EXPRESS, )
                Defendant, )
)
and )
)
BANK OF WESTERN MASSACHUSETTS, )
                Trustee. )

## AGREEMENT FOR SATISFACTION OF JUDGMENT

The parties hereby agree that the judgment in favor of the Plaintiff for $314,412.25 in the above-captioned matter is comprised of the following elements pursuant to Section 502(g)(2), 29 U.S.C. §1132(g)(2) of ERISA:

    a.    Principal in the amount of $294,469.90 (representing contributions owed the Plaintiff for the months of August 2003 through and including December 2003);
    b.    Interest in the amount of $15,942.35 (calculated through January 2004); and
    c.    Reasonable attorneys' fees and costs in the amount of $4,000.00.

    1.    The Defendant, N&B Express, satisfy the Judgment by forwarding a certified or cashier's check payable to Eileen Tetrault, Fund Manager of the Teamsters Local 404 Health Services and Insurance Plan for each of the following amounts in accordance with the schedule set forth below:

        $17,467.35 on or before February 1, 2004

        $17,467.35 on or before March 1, 2004

        $17,467.35 on or before April 1, 2004

        $17,467.35 on or before May 1, 2004

        $17,467.35 on or before June 1, 2004

        $17,467.35 on or before July 1, 2004

$17,467.35 on or before August 1, 2004

$17,467.35 on or before September 1, 2004

$17,467.35 on or before October 1, 2004

$17,467.35 on or before November 1, 2004

$17,467.35 on or before December 1, 2004

$17,467.35 on or before January 1, 2005

$17,467.35 on or before February 1, 2005

$17,467.35 on or before March 1, 2005

$17,467.35 on or before April 1, 2005

$17,467.35 on or before May 1, 2005

$17,467.35 on or before June 1, 2005

$17,467.35 on or before July 1, 2005

1A. Defendant also agrees to pay interest on the principal sum of $294,469.00 at the rate of six percent (6%) per annum payable in quarterly installments on the then outstanding balance of principal due. The first such interest payment shall be due April 1, 2004 and quarterly thereafter until the principal shall have been repaid in full.

1B. The President of the Defendant, James Cappelli, hereby personally guarantees that all payments required of the employer herein will be made in a timely manner and will be made for the full amount owed. In the event of a failure by N&B Express to make timely payments in accordance with the foregoing schedule the entire remaining then unpaid balance together with their accrued interest shall be deemed immediately due and payable and Plaintiff shall be free to take any lawful measure against Mr. Cappelli or N&B Express to ensure that the amounts due hereunder are paid in full.

2. The Plaintiff agrees not to attempt to levy on or otherwise enforce its execution of the Judgment while the defendant remains in compliance with this Agreement. In consideration of

2

the promises contained herein, the Plaintiff hereby releases the Attachment On Trustee Process as against the Defendant's accounts at the Bank of Western Massachusetts.

3. Nothing in this Agreement For Satisfaction Of Judgment shall be construed as relieving or otherwise modifying the obligation of N&B Express to make timely remittances to the Teamsters Local 404 Health Services and Insurance Plan under the collective bargaining agreement between Teamsters Local 404 and N&B Express for months after December 2003.

For the Plaintiff,
Eileen Tetrault, Fund Manager of the
Teamsters Local 404 Health Service and
Insurance Plan,
By her attorneys,

_____
Matthew E. Dwyer (BBO# 139840)
Brian M. Maser (BBO# 655667)
Dwyer, Duddy and Facklam, P.C.
One Center Plaza, Suite 360
Boston, MA 02108
(617) 723-9777

Dated: 1/28/04

For the Defendant,
N&B Express,
By its attorney,

_____
Joseph Collins (BBO# 092660)
Hendel & Collins, PC
101 State Street
Springfield, MA 01103
(413) 734-6411

Dated: 1/30/04

For the Defendant,
N&B Express,
By its representative,

_____
James Cappelli, President
N&B Express
20 Industrial Drive West
South Deerfield, MA 01373

f:\404hsip\n&b\pldgs\satisfaction.of.judgment.doc:blg